UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION  MDL No. 2945

(SEE ATTACHED SCHEDULE)

CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Western District of Missouri.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Western District of Missouri with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is pending at this time, the stay is lifted.

Jan 29, 2024

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Tiffaney D. Pete
Clerk of the Panel

| IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION | | | | | | MDL No. 2945 |

## SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| MOW | 2 | 20−04144 | NV | 2 | 20−00094 | Ahern Rentals, Inc. v. Wade et al |

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | | |
|---|---|---|---|
| IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION. | ) ) ) | MDL Master Case No. Member Case No. | No. 2945 20-02945-MD-C-BP 20-04144-CV-C-BP |
| AHERN RENTALS, INC. | ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | District of Nevada 2:20-CV-00094-JAD-VCF | |
| KEITH WADE, JESSIE WADE, and EQUIPMENTSHARE.COM, INC., | ) ) ) | | |
| Defendants. | ) ) | | |

## SUGGESTION OF REMAND AND TRANSFER ORDER

This suit is part of a multidistrict litigation proceeding ("MDL") involving business disputes between Ahern Rentals, Inc. ("Ahern") and EquipmentShare.com Inc. ("EquipmentShare"). Most of the suits—including this one—have been brought by Ahern and revolve around its assertion that EquipmentShare induced Ahern employees (the "Individual Defendants") to (1) leave their jobs with Ahern to begin working for EquipmentShare and (2) bring Ahern's trade secrets or confidential information to advance EquipmentShare's business at Ahern's expense. In the typical member cases, Ahern has brought a myriad of statutory, contractual, and common law claims against both EquipmentShare and one or two Individual Defendants. However, proceedings have reached the point where continued consolidation or coordination for some cases is no longer beneficial, so remand and transfer to the Transferor Court is recommended.[1]

---

[1] This Order addresses only this member case; the other cases will be addressed separately and individually.

# I. SUGGESTIONS IN SUPPORT OF REMAND

The Judicial Panel on Multidistrict Litigation (the "Panel") has directed that, when a case is ready to be remanded, the transferee judge must submit a suggestion to that effect to the Panel:

> If and when the transferee judge determines that any action or claim is, in fact, ready for trial, or otherwise ready for remand because the common pretrial proceedings pertaining to that action or claim have been completed and the action or claim would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings, the transferee judge may suggest to the Panel that the Panel remand the action or claim to its transferor district.

*In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *see also* J.P.M.L. Rule 10.1(b).

As will be discussed below, this member case involved unique claims and issues for which discovery and motion practice was not conducted. However, with respect to the common fact scenario discussed above, all relevant discovery, including case-specific discovery for each of the member cases, has been completed. The parties briefed motions related to the admissibility of expert testimony, and this Court (the "MDL Court") has issued indicative rulings on those matters. The parties have also briefed summary judgment motions on those issues.

The MDL Court has not issued rulings on the summary judgment motions, and, in these circumstances, the MDL Court does not believe it should do so. The facts in the member cases are very distinct from each other—more so than is usually the case in an MDL—and there are few (if any) common issues to be addressed. The dispositive motions for each member case will not depend on common facts, but rather the facts regarding each Individual Defendant's actions. The claims asserted in the cases are not the same; moreover, even to the extent the claims are the same, the governing law may not be. Consequently, it is not efficient for a single court to rule on all the dispositive motions; it is more efficient for the labor to be divided so that each case can be assessed individually. Accordingly, this is the appropriate time to remand the cases to the Transferor Court.

2

## II. PERTINENT FILINGS[2]

This member case was originally filed in state court and was removed to the United States District Court for the District of Nevada on January 15, 2020. The Complaint—which has not been amended—names Keith Wade, Jessie Wade, and EquipmentShare as Defendants. EquipmentShare filed its Answer on January 21, 2020, and it was not amended thereafter. The Wades filed their Answer on February 3, 2020, and an Amended Answer on March 4, 2020. In their Amended Answer, the Wades asserted counterclaims for assault and intentional infliction of emotional distress, and Jessie Wade asserted an additional counterclaim for violation of the Equal Pay Act.

Ahern filed a Motion to Dismiss the counterclaims; that motion was fully briefed before the case was transferred and remains pending. Ahern also filed a motion to stay discovery on the counterclaims until the Motion to Dismiss was resolved. The Magistrate Judge assigned to the case (the Honorable Cam Ferenbach of the District of Nevada) conducted a hearing on the matter on April 29, 2020. At the conclusion of the hearing, the Magistrate Judge stayed all discovery pending resolution of the motion to dismiss.

The Panel transferred the case to the MDL Court in August 2020.

### A.

After transfer, the MDL Court issued an Order concluding the MDL proceedings should focus on the claims and issues that were common to the member cases. Accordingly, the MDL Court further held that (1) no discovery would be conducted on the Wades' counterclaims and (2)

---

[2] The MDL Court believes it has identified all the relevant documents for this member case, but there is always the possibility the parties will suggest others are also important.

3

the Motion to Dismiss that was filed before the Panel transferred the case would remain pending for resolution by the Transferor Court. (Doc. 28.)[3]

However, there is one issue that is relevant to both Ahern's claims and the counterclaims. The Wades executed Employment Agreements that (1) provide the basis for at least some of Ahern's claims and (2) purportedly released at least some of the counterclaims. Discovery regarding the Employment Agreements' validity was not stayed. (Doc. 28, p. 2 n.2.) And, because the Employment Agreements' validity is relevant to Ahern's claims, any arguments on the issue should have been raised in the summary judgment briefing completed in the MDL Court.

The MDL Court issued two other Orders that should be mentioned. Document 1268 contains (on page 12) a restriction on the use of certain evidence. The MDL Court does not know if any such evidence exists or will be offered in connection with this member case, but the Transferor Court should know this ruling has been made. Finally, Document 1272 resolved a discovery dispute in this member case.

**B.**

As stated earlier, the parties filed motions challenging the admissibility of expert testimony based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), its progeny, and Federal Rules of Evidence 702 through 705. The MDL Court issued rulings on those motions, but repeats a caveat expressed in its Orders.

The MDL Court acknowledges decisions regarding the admission of expert testimony are discretionary, *e.g.*, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999), and different judges may exercise their discretion in different ways despite being presented with the same or similar circumstance. Therefore, the Orders reflect how the MDL Court would rule and are not intended

---

[3] All Document Numbers are from this Court's Master MDL Docket.

4

to bind the Transferor Courts; they are offered only to assist the Transferor Courts in resolving these issues.[4]

With that caveat in mind, the MDL Court issued the following Orders relating to expert testimony:

Doc. 1798    Order addressing testimony of Richard Wallace (Ahern's expert)

Doc. 1799    Order addressing testimony of Mark Hamilton (EquipmentShare's expert)

Doc. 1800    Order addressing testimony of Bruce Hartley (EquipmentShare's expert)

Doc. 1801    Order addressing testimony of David Hoffman (Ahern's expert) and John Hansen (EquipmentShare's expert)

## C.

Separate Motions for Summary Judgment were filed by (1) the Wades and (2) EquipmentShare. Some of the filings (or exhibits thereto) may be sealed, but they should be accessible by the Transferor Court. To aid the Transferor Court, the MDL Court will identify the relevant filings.

### *The Wades' Motion*

Doc. 1762    Wades' Motion for Summary Judgment

Doc. 1765    Wades' factual and legal arguments

Doc. 1806    Ahern's Suggestions in Opposition

Doc. 1831    Wades' reply argument

Doc. 1832    Wades' and EquipmentShare's joint response to Ahern's facts

---

[4] This caveat does not apply to Doc. 1802, the Order striking the Supplemental Report from Ahern's damages expert, David Hoffman. That ruling was not based on evidentiary grounds, but rather on the Supplemental Report's untimely disclosure.

5

### *EquipmentShare's Motion*

Doc. 1775     EquipmentShare's Motion for Summary Judgment

Doc. 1776     EquipmentShare's factual and legal arguments

Doc. 1807     Ahern's Suggestions in Opposition

Doc. 1832     Wades' and EquipmentShare's joint response to Ahern's facts

Doc. 1833     EquipmentShare's reply argument

### III.  PROCEEDINGS ON REMAND

Given the unique nature of this MDL, practically all the discovery that was conducted in the MDL Court related to Ahern's claims involving trade secrets, breaches of contract, and torts. All such discovery has been completed and the MDL Court is not aware of any reason why additional discovery on those topics should be allowed. But, as discussed above, no discovery was conducted with respect to the Wades' counterclaims, and the Motion to Dismiss that was filed before the Panel transferred the case remains pending.

### IV.  CONCLUSION

Pursuant to J.P.M.L. Rule 10.1(b), the MDL Court suggests that the Panel remand this member case to the District of Nevada for further proceedings. The Clerk of Court shall forward a copy of this Order to the Panel.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: January 12, 2024     UNITED STATES DISTRICT COURT

**ECF DOCUMENT**
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.

Date Filed: 1/12/2024   Paige A. Wymore-Wynn, Clerk
By: M. Warren                Deputy Clerk